THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JESSIE BROWN**
**CHARLES MALONE,**

    **Plaintiffs,**

v.                                                            Case No._____

                                                      **JURY DEMANDED**

**MERCK SHARP & DOHME CORPORATION**
**F/K/A MERCK & CO., INC. AND**
**MSD CONSUMER CARE, INC.**

    **Defendants.**

---

## COMPLAINT

---

COMES NOW the Plaintiffs, Jessie Brown and Charles Malone, for their causes of action against the Defendants, MSD Consumer Care, Inc. and Merck Sharp & Dohme Corporation f/k/a Merck & Co., Inc. ("Defendants" or "MSDCC" or "Merck") and would show to the Court:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Jessie Brown is a resident and citizen of Tipton County, Tennessee. He resides at 1468 Highway 14 North, Covington, TN 38019.

2. Plaintiff Charles Malone is a citizen of Tipton County, Tennessee. He resides at 510 Ray Lane Covington, Tennessee 38019.

3. Defendant Merck Sharp & Dohme Corporation f/k/a Merck & Co., Inc. ("Merck") is a corporation formed and organized under New Jersey law. At all relevant times herein,

1

Merck has conducted business in Memphis, Tennessee, as well as New Jersey. Defendant MSDCC is a wholly owned subsidiary of Defendant Merck.

4. Defendant MSD Consumer Care, Inc. ("MSDCC") is a corporation formed and organized under Delaware law. At all relevant times herein, MSDCC has conducted business in Memphis, Tennessee and maintains its principal place of business at 3030 Jackson Avenue, Memphis, TN 38151. Defendant may be served with process at CT Corporation System, 800 South Gay Street, Suite 2012, Knoxville, TN 37929.

5. Defendants provided retirement plans and pension benefits ("Retirement" or "Plans"), which are "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 et seq., and that the subject Plans constitute "plans under ERISA." Therefore, Plaintiffs allege that this Court's jurisdiction is invoked pursuant to 28 U.S.C.A. § 1337 and 29 U.S.C.A. § 1132(e).

6. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

7. This action is also based upon the common law of breach of contract, breach of an implied covenant of good faith and fair dealing, and violations of the Tennessee Consumer Protection Act.

8. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. §1367. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, and subject matter and venue, pursuant to 28 U.S.C. 1391(b), are proper in this court.

9. Venue is proper within this district pursuant to 29 U.S.C.A. § 1132(e)(2) because the acts complained of have occurred within this district.

## II.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff Mr. Jessie Brown worked as a line mechanic for Schering-Plough("Company") for approximately eleven years. Mr. Brown retired before the merger of Schering-Plough with the Defendants, and he has been receiving minor monthly retirement payments since his retirement. Plaintiff Brown is currently enduring financial hardship.

11. Plaintiff Mr. Charles Malone worked as a compound operator for Schering-Plough, a pharmaceutical company that merged with Defendants in 2009, from on or about 1969 until the 1990's. Plaintiff Malone belonged to the 25 Year Plus Club for service years to the Company at Schering-Plough.

12. Plaintiff Malone claims he made payments and/ or the company made payments on his behalf throughout his tenure with the Company into a retirement fund. Since Mr. Malone left the company in the 1990's, he has not received any payments for retirement or from a Company pension. Plaintiff Malone is currently enduring financial hardship.

13. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendants are now, and at all times mentioned in this complaint were, a corporation authorized to transact and transacting business in the State of Tennessee and was the Claims Administrator for the Plans.

14. Both Plaintiffs have been trying to access their retirement account with limited success. Multiple requests for full retirement/ pension policies have been made in writing since

March 2014 but the Plaintiffs have not received the entirety of their applicable retirement policies from the Defendants.

15. On or about March, 2014, Plaintiff Brown received a brochure for his retirement policy allowing for the option of a lump sum payment. The Brochure is attached as Exhibit A.

16. Based upon Defendants' corporate brochure and offer, Mr. Brown requested the remainder of his retirement policy to be paid to him in one lump sum payment.

17. Plaintiff Malone also requested the proceeds from any available retirement and pension plans to be paid to him in one lump sum payment.

18. Despite the Plaintiffs' demands for the Defendants to pay their retirement and pension benefits to which they are entitled, the Defendants have refused to provide Plaintiffs' retirement benefits. Plaintiffs have exhausted all administrative remedies to their knowledge.

19. The Defendants' denial of Plaintiffs' continued request for not only their entitled retirement/ pension funds but also the terms of their applicable and complete policies is in bad faith.

20. Moreover, the Defendants' refusal to pay the benefits to which the Plaintiffs are entitled was and is vexatious and without reasonable cause.

### III.

### FIRST CLAIM FOR RELIEF

### CLAIM TO RECOVER BENEFITS AND TO CLARIFY RIGHTS UNDER THE PLAN PURSUANT TO 29 U.S.C.A. § 1132(A)(1)(B)

21. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 20 above.

22. Plaintiffs have fulfilled all conditions for receipt of benefits under the Plans and have presented such evidence to Defendants.

23. Defendants have wrongfully denied Plaintiff Brown's claim for benefits under the Plans. Defendants have offered to provide a lump sum payment to Plan beneficiaries, Plaintiff Brown requested said lump sum payment, and Defendants denied Plaintiff Brown's claims for benefits.

24. Defendants have wrongfully denied Plaintiff Malone's claim for benefits under the Plans. Plaintiff Malone and/or Defendants made payments to Defendants' retirement/ pension plan, Defendants have offered to provide a lump sum payment to Plan beneficiaries, Plaintiff Malone requested said lump sum payment, and Defendants denied Plaintiff Malone's claims for benefits.

25. Defendants' denial of Plaintiffs' claims for benefits is a result, at least in part, of the conflict between Defendants' fiduciary obligations to plan participants when determining claims under the Plans, and its interest in maximizing its own profitability. This result of conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

    (a) Defendants have failed to provide the retirement account information or policy for Plaintiff Malone and are keeping his retirement benefits for their own profitability.

    (b) Defendants are unwilling to pay Plaintiff Brown his lump sum payment so they can use the large sum of money to profit from interest and the use of the funds.

26. Defendants' denial of Plaintiffs' claims for benefits is contrary to the terms of the Plans and contrary to the evidence and information submitted to Defendants. Defendants' denial of Plaintiffs' claims is therefore wrongful.

27. Plaintiffs are entitled to recover benefits under the Plans. Plaintiffs are also entitled to an Order of the Court clarifying their rights under the Plan, adjudging that Plaintiffs met the requirements of the Plan.

28. Defendants have arbitrarily and capriciously breached the obligations set forth in the Plans. Defendants have arbitrarily and capriciously breached its obligations under the ERISA policy to provide Plaintiffs' benefits even though Plaintiffs' benefits are covered under the terms of the Plans.

29. As a direct and proximate result of the above-described conduct of Defendants in failing to provide coverage and pay benefits to Plaintiffs, Plaintiffs have been damaged in an amount equal to the amount of benefits to which Plaintiffs would have been entitled under the terms of the Plan.

30. As a direct and proximate result of the above-described conduct of Defendants in failing to provide coverage and benefits under the Plans, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plans, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

31. Plaintiffs are entitled to benefits and prejudgment interest at the appropriate rate.

32. Plaintiffs have incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiffs are entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

## SECOND CLAIM FOR RELIEF

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

33. All of the allegations as set forth hereinabove in paragraphs 1 through 32 are re-alleged herein as if set forth verbatim.

34. As set forth above, Defendants have breached its obligations of good faith and fair dealing and, as the direct result of these breaches, Plaintiffs have lost significant benefits, incurred additional costs, attorney and collection fees, and other additional damages for which they are entitled to recover compensatory damages in such amount as deemed reasonable by a jury.

35. The actions taken by the Defendants were intentional, willful, and in reckless disregard of the duties of good faith owed to Plaintiffs under the Plans.  These actions evidence a pattern of unlawful, malicious, willful, and reckless conduct designed to take advantage of Plaintiffs.  Therefore, such actions by Defendants entitle Plaintiffs to recover compensatory damages in such amount as deemed reasonable by a jury.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

36. The allegations of paragraphs 1 through 35 hereinabove are reiterated and incorporated as if fully set forth herein.

37. Defendants breached the Plans with Plaintiffs by failing to complete the retirement/pension contracts as agreed by the parties, by denying Plaintiffs' benefits in violation of the agreement, causing increased costs, unnecessary delays, additional fees, attorneys' fees, and other damages to Plaintiffs.

38. As the direct and proximate result of Defendants' breaches of contracts, the Plaintiffs have suffered and continue to suffer damages for which the Plaintiffs are entitled to recover compensatory damages in such amount as deemed reasonable by a jury.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

### (T.C.A § 47-18-101 *et seq.*)

39. The allegations of paragraphs 1 through 38 hereinabove are reiterated and incorporated as if fully set forth herein.

40. The Defendant's conduct in handling and eventually denying Plaintiffs' claims violates the Tennessee Consumer Protection Act as unfair and/or deceptive acts. Its denial of Plaintiff Brown's claim and failure to provide retirement benefits/ pension to Plaintiff Malone are deceptive and unfair in representing that Plaintiffs are not entitled to benefits to which they are in actuality entitled.  Plaintiffs aver that Defendant misrepresented and marketed its Plans in violation of the Tennessee Consumer Protection Act, Tennessee Code Annotated §47-18-101 *et seq.*  In accordance with Tennessee Code Annotated §47-18-109 and §47-18-2104, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper since Defendants' unfair and/or deceptive acts and practices were and are willful and knowing violations of the Tennessee Consumer Protection Act.

### IV.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, YOUR PLAINTIFFS PRAY that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring Defendants to pay Plaintiffs all benefits due under the Plans, commencing with the first day such benefits were due and continuing through the

    date of judgment;

(b) By entering judgment clarifying that Plaintiffs have fulfilled all terms and conditions of the Plans for receipt of benefits and are entitled to lump sum payment of their benefits, or alternatively that Plaintiffs are entitled to continue to receive benefits in the absence of evidence supporting the conclusion that Plaintiffs are not entitled to the immediate lump sum payment of their earned and entitled benefits;

(c) By awarding to Plaintiffs an award of prejudgment interest;

(d) By awarding to Plaintiffs their attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g);

(e) By awarding Plaintiffs' compensatory damages and damages three times their actual damages together with all costs and attorney's fees pursuant to the Tennessee Consumer Protection Act, Tennessee Code Annotated §47-18-101 *et seq.*;

(f) That the Plaintiffs be allowed to amend the *ad damnum*;

(g) That the Plaintiffs reserves the right to amend this complaint and the facts contained herein as more information becomes available;

(h) That the Plaintiffs demand a trial by jury as allowed by law; and

(i) By awarding such other general and specific damages and relief as this Court may deem appropriate in this matter.

RESPECTFULLY SUBMITTED September 17, 2014.

s/ William A. Wooten
WILLIAM A. WOOTEN, TN #26674
Attorney for Plaintiffs
WOOTEN LAW OFFICE
120 Court Square East
Covington, TN 38019
(901) 475-1050
Fax: (901) 475-0032
wawooten@gmail.com

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

s/ William A. Wooten
WILLIAM A. WOOTEN