```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| JESSIE BROWN and CHARLES MALONE, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK SHARP & DOHME CORPORATION F/K/A MERCK & CO., INC. AND SCHERING-PLOUGH CORPORATION RETIREMENT PLAN, <br><br> Defendants. | No. 2:14-cv-02724-JPM-cgc |

**ORDER GRANTING MERCK SHARP'S MOTION TO DISMISS**

Before the court is Defendant Merck Sharp & Dohme Corporation's ("Merck Sharp") Motion to Dismiss, filed November 20, 2014. (ECF No. 11.) Plaintiffs timely responded in opposition on December 11, 2014. (ECF No. 19.) The Court held a motion hearing on the Motion to Dismiss on December 22, 2014, at which both parties were represented. (ECF No. 22.) For the reasons stated below, Merck Sharp's Motion to Dismiss is GRANTED.

**I.   BACKGROUND**

  **A.   Factual Background**

Plaintiffs Jessie Brown and Charles Malone are former employees of the Schering-Plough Corporation. (Amend. Compl. ¶¶ 8-9.) Both Plaintiffs retired or terminated their employment from Schering-Plough before the corporation merged with Merck

1

Sharp in 2009.  (Id.)  While the Plaintiffs worked for Schering-Plough, both they and the company made payments to pension and retirement plans for Plaintiffs' benefit.  (Id. at ¶ 10.)

Since his retirement, Mr. Brown has received monthly retirement payments.  (Id. at ¶ 8.)  In March 2014, Mr. Brown received a brochure for his retirement policy that allegedly contained a lump sum payment option.  (Id. at ¶ 14.)

Based on the brochure, Plaintiffs submitted multiple requests to Merck Sharp to obtain a lump sum payment of their pension and retirement benefits from the Schering-Plough Corporation Retirement Plan[1] (the "Plan").  (Id. at ¶¶ 16-17.)  Merck Sharp, as Plan Administrator of the Plan, denied Plaintiffs' request for a lump sum payment, stating that the Plaintiffs were not entitled to the lump sum payment option.  (Id. at ¶ 19; Memo. of Law in Support of Motion to Dismiss at 2, 3.)

**B. Procedural Background**

Plaintiffs filed a Complaint against Merck Sharp and MSD Consumer Care, Inc. on September 17, 2014.  (Compl., ECF No. 1.)  The Complaint alleged that Merck Sharp and MSD Consumer Care violated the Employee Retirement Income Security Act ("ERISA") and asserted three other state law claims.  (Id.)  The Complaint sought the following relief: (1) judgment requiring the

---

[1] Since January 1, 2013, the Plan is now known as the Legacy Schering-Plough Retirement Plan.  (Memo. of Law in Support of Motion to Dismiss p. 1.)

2

Defendants to pay Plaintiffs a lump sum payment of all benefits due under the Plan; (2) awarding Plaintiffs prejudgment interest; (3) awarding Plaintiffs their attorneys' fees, costs, and expenses; and (4) awarding Plaintiffs three times their compensatory damages pursuant to the Tennessee Consumer Protection Act. (Id.)

Merck Sharp and MSD Consumer Care filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 12(b)(7) the Federal Rules of Civil Procedure. (ECF No. 11.) The Motion to Dismiss stated that, under Rule 12(b)(6), the Plaintiffs' ERISA claim failed because the terms of the Plan stated that the Plaintiffs did not qualify for the lump sum option and that Plaintiffs failed to exhaust their administrative remedies. (Id.) The Motion to Dismiss also stated that MSD Consumer Care was not a proper party to the suit, as it was neither the applicable ERISA plan nor an administrator of the applicable ERISA plan. (Id.) Pursuant to Rule 12(b)(7), the Motion to Dismiss stated that the claim should be dismissed because the Plaintiffs failed to name the Plan as a party; Merck Sharp and MSD Consumer Care argued that the Plan is a necessary and indispensable party to the litigation. (Id.) Finally, the Motion to Dismiss stated that all of Plaintiffs' state law claims failed because they were preempted by ERISA. (Id.)

Plaintiffs responded to the Motion to Dismiss on December 11, 2014. (ECF No. 19.) Plaintiffs' response reasserted its argument that Merck Sharp and MSD Consumer Care violated ERISA and that Plaintiffs agreed to dismiss all of its state law claims. (Id.)

Also on December 11, 2014, Plaintiffs filed a Motion to Amend Complaint (ECF No. 18), which the Court granted on December 19, 2014. (ECF No. 20). In the Amended Complaint, Plaintiffs added the Plan as a defendant and dropped MSD Consumer Care as a defendant. (ECF No. 21.) The Amended Complaint includes claims solely for violations of ERISA. (Id.)

The Court held a Motion Hearing on December 22, 2014, regarding Defendants' Motion to Dismiss. (ECF No. 22.) The parties agreed to rely on their previous filings with respect to Defendants' Motion to Dismiss. (Id.) Defendants reasserted their arguments that Plaintiffs' Amended Complaint should be dismissed because (1) Plaintiffs were not eligible for the lump sum payment option under the plan, and (2) Plaintiffs failed to exhaust their administrative remedies. (ECF No. 11, 22.)

## II. Legal Standard

Rule 12(b)(6), a court can dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> In assessing a complaint for failure to state a claim, [a court] must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ouwinga v. Benistar 419 Plan Servs., Inc., 694 F.3d 783, 790 (6th Cir. 2012) (second alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "This standard is not akin to a probability requirement, but it asks for more than a sheer possibility that defendant has acted unlawfully." Williams v. Duke Energy Int'l, 681 F.3d 788, 799 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).

The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (alteration in original) (citation omitted) (internal quotation marks omitted); see also Mik v. Fed. Home Loan Mortg. Corp., 743 F.3d 149, 157 (6th Cir. 2014) ("[A] complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting Bell Atl.

5

Corp. v. Twombly, 550 U.S. 544, 555 (2007))). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." El-Moussa v. Holder, 569 F.3d 250, 257 (6th Cir. 2009) (alteration in original) (internal quotation marks omitted).

**III. Analysis**

The issue before the Court is whether Plaintiffs sufficiently pled that they exhausted their administrative remedies before filing their complaint.[2] For the reasons stated below, the Court finds that they did not. Section 502(a) of ERISA allows a "participant or beneficiary" of a plan to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA also provides that every employee benefit plan "shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full

---

[2] Although Defendants assert that Plaintiffs' claims should be dismissed because the Plaintiffs are not eligible for the lump sum payment option under the Plan, neither party attached the terms of the Plan. A court may review the applicable plan when attached by a defendant in a motion to dismiss, see Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 949 (6th Cir. 1990), and interpret terms of an ERISA plan when such a plan is submitted to the Court, see Butler v. Aetna U.S. Healthcare Inc., 109 F. Supp. 2d 856, 859 (S.D. Ohio 2000). Because the parties have not submitted the Plan to the Court, the Court can neither review nor interpret the Plan's terms in this case.

and fair review by the appropriate named fiduciary of the decision denying the claim." Id. at § 1133; Weiner v. Klais & Co., 108 F.3d 86, 90 (6th Cir. 1997) ("[ERISA] does require benefit plans to provide internal dispute resolution procedures."). Despite the absence of an explicit requirement in ERISA, the Sixth Circuit generally requires that "a participant . . . exhaust his or her administrative remedies prior to commencing suit in federal court." Constantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994) (quoting Miller v. Metro. Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991)).

Exhaustion of administrative remedies to bring an ERISA claim, however, is not always required. A court may decline to apply the administrative exhaustion requirement when a party demonstrates that "resorting to a plan's administrative procedure would simply be futile or the remedy inadequate." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998). "Generally speaking, [a court applies] the administrative-futility doctrine in two scenarios: when the Plaintiffs' suit [is] directed to the legality of [the plan], not to a mere interpretation of it, and (2) when the defendant lacks the authority to institute the [decision] sought by Plaintiffs." Dozier v. Sun Life Assurance Co. of Can., 466 F.3d 532, 535 (6th Cir. 2006) (alterations in original) (citations and internal quotation marks omitted). "To meet the 'quite

restricted' standard for establishing administrative futility, [a court] require[s] a litigant to 'make a clear and positive indication' that further administrative review would have come to naught." Id. (quoting Fallick, 162 F.3d at 419).

The Court finds that the Plaintiffs did not sufficiently plead either administrative exhaustion or administrative futility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Hensley Mfg., Inc. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). The Amended Complaint includes insufficient factual content to meet this threshold for three reasons: (1) it includes no facts describing Plaintiffs' efforts to exhaust their administrative remedies and instead only states in conclusory fashion that "Plaintiffs have exhausted all administrative remedies to their knowledge" (Am. Compl. ¶ 19); (2) it includes no facts that suggest that the Plan did not contain an administrative review process; and (3) it includes no facts indicating seeking administrative exhaustion under the Plan would be futile. Plaintiff's Amended Complaint merely "allege[s] — but . . . has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)). Because Plaintiffs failed to adequately plead facts amounting to

8

administrative exhaustion or demonstrating the existence of an exception to that requirement in this case, Plaintiffs have failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IV. CONCLUSION**

For the reasons stated above, Merck Sharp's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is GRANTED. Accordingly, all claims by Plaintiffs against Defendant Merck Sharp are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**, this 26th day of March, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE